UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| ELAINE ROYSE., )<br>)<br>Plaintiff )<br>)<br>V. )<br>)<br>REED WILBERS, )<br>In his Individual Capacity,<br>Defendant | Civil No. 15-52-GFVT<br><br>**MEMORANUM OPINION**<br>**&**<br>**ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Before the Court is Defendant Reed Wilbers's Motion to Dismiss. [R. 2.] In 2010, a Franklin County grand jury indicted Plaintiff Elaine Royse, a former employee of a nursing home, "on one count of Knowingly Abusing or Neglecting an Adult, a Class C Felony." [*Id.* at 1.] Wilbers, an investigator in the Attorney General's Medicaid Fraud and Abuse Control Division, provided testimony at the hearing indicating that Royse was guilty of the crimes charged. Royse contends that Wilbers's testimony was false, and now files a complaint alleging malicious prosecution under 42 U.S.C § 1983 and Kentucky state law. [R. 1.] Upon review of Royse's complaint, the Court finds that Wilbers is absolutely immune from any civil action resulting from his testimony. The Defendant's Motion to Dismiss is therefore GRANTED.

**I**

When evaluating the sufficiency of a complaint under FRCP 12(b)(6), this Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)). Dismissal is ordinarily appropriate when "it appears beyond doubt that the plaintiff can prove no

set of facts in support of his claim which would entitle him to relief." *DirecTV, Inc.*, 487 F.3d at 476 (quoting *Ricco v. Potter*, 377 F.3d 599, 602 (6th Cir. 2004)).  Further, the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)).  Finally, the facts pled in support of the plaintiff's claims must rise to the level of plausibility, not just possibility – "facts that are merely consistent with a defendant's liability . . . stop[ ] short of the line between possibility and plausibility." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

## II

The Supreme Court of the United States has expressly held that "a grand jury witness has absolute immunity from any § 1983 claim based on the witness' testimony." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1506 (2012).  This rule "does not distinguish law enforcement witnesses from lay witnesses," and immunity "may not be circumvented by claiming that a grand jury witness conspired to present false testimony, or by using evidence of the witness' testimony to support any other § 1983 claim concerning the initiation or maintenance of a prosecution." *Id.* at 1505-06; *see also Vaughan v. City of Shaker Heights*, 514 Fed. Appx. 611, 613 (6th Cir. 2013) (noting that "*Rehberg* indisputably allows officers the defense of absolute immunity against any § 1983 claim premised upon grand jury testimony.").

Likewise, under Kentucky law, "it is a well-settled rule . . . that the testimony of a witness given in the course of a judicial proceeding is privileged and will not support a cause of action against him." *McClarty v. Bickel*, 159 S.W. 783, 784 (Ky. 1913)).  This prohibition extends to grand jury proceedings.  *See Reed v. Isaacs*, 62 S.W.3d 398, 399 (Ky. App. 2000) ("Because [the detective's] testimony to the grand jury was privileged, [the plaintiff] may not

maintain a civil action against [him] for allegedly lying to the grand jury."). The only qualification to this rule is that the disputed testimony must be "pertinent and relevant" to the facts of the case before the privilege attaches. *Smith v. Hodges*, 199 S.W.3d 185, 190 (Ky. App. 2005).

The Court need not examine the content of Royse's complaint at length here. It is enough to say that (1) Royse alleges no wrongdoing by Wilbers apart from his false testimony and (2) she does not dispute the relevance of Wilbers's testimony, which plainly related to the crime charged. Royse nevertheless argues that a case of this Circuit, *Webb v. United States,* 789 F.3d 647 (6th Cir. 2015), "is the controlling case here." [R. 3 at 3.] Royse's reliance on *Webb*, however, is entirely misplaced. *Webb* did not consider the law applicable to absolute immunity because the plaintiffs in that case alleged far more than false testimony; rather, the appellants brought "*Bivens* and § 1983 claims for malicious prosecution, false arrest, fabrication of evidence, and conspiracy to deprive civil rights." *Webb*, 789 F.3d at 651. Thus, the question before the court was whether the defendants were subject to qualified immunity. *Id.* In any event, the holdings of this Circuit do not supersede controlling Supreme Court precedent. Because the Supreme Court has spoken unambiguously on this issue, no further inquiry is necessary.

### III

For the reasons stated above, the Court concludes it is "beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *DirecTV, Inc.*, 487 F.3d at 476. Accordingly, and being otherwise sufficiently advised, the Court **HEREBY ORDERS** as follows:

(1) Defendant Reed Wilbers's Motion to Dismiss **[R. 2]** is **GRANTED**; and

3

(2)   The Court will enter an appropriate Judgment contemporaneously herewith.

This 26th day of January, 2016.

Gregory F. Van Tatenhove
United States District Judge